UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUDY MORRIS, an individual,<br><br>                Plaintiff,<br><br>  v.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC., a California corporation; MITSUBISHI MOTORS MFG; MITSUBISHI MOTORS R&D OF AMERICA; MITSUBISHI MOTORS CORPORATION, a Japanese corporation; and JOHN DOES 1-10,<br><br>                Defendants. | NO:  CV-08-0396-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN *LIMINE* TO STRIKE STATISTICAL TESTIMONY OF JEYA PADMANABAN |

     This matter comes before the Court on Plaintiff's motion in limine to strike the statistical testimony and expert report of Defendants' expert witness Jeya Padmanaban, a statistician (Ct. Rec. 105).  The Court has considered the Plaintiff's motion (Ct. Rec. 105), supporting memorandum (Ct. Rec. 107), and supporting declaration and exhibits (Ct. Rec. 106), Defendants' response (Ct. Rec. 168), opposing declaration and exhibits (Ct. Rec. 170), declaration and exhibits from Ms.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE ~ 1

Padmanaban (Ct. Rec. 169), and Plaintiff's reply (Ct. Rec. 193). In addition, the parties presented oral argument on their motions in *limine*.

Relying on Fed. R. Evid. 401 and 402, but not on Fed. R. Evid. 702, Plaintiff seeks exclusion specifically of the report and testimony of Ms. Padmanaban regarding the "airbag injury and fatality risk associated with the 1996-1997 Mitsubishi Eclipse target vehicle group" (Ct. Rec. 106-1 at 5). Ms. Padmanaban states in a footnote to her March 4, 2010, report that "the target vehicle group includes vehicles with similar airbag components including the 1996-1997 model year Mitsubishi Eclipse, Mistubishi Eclipse Spyder, Eagle Talon, Chrysler Sebring Coupe (excluding convertibles), and Dodge Avenger Coupe" (Ct. Rec. 106-1 at 2). Ms. Padmanaban concludes in her expert report that "available crash data confirms that in frontal crashes the serious injury risk to belted drivers in [sic]1996-1997 Mitsubishi Eclipse target vehicle group with air bag deployment is low and is comparable to other passenger cars." (Ct. Rec. 106-1 at 8).

Plaintiff seeks to exclude the opinions of Ms. Padmanaban on the basis that she did not base her opinions on accidents that meet the substantial similarity standard required by the Ninth Circuit. In addition, Plaintiff argues that the statistics on which Ms. Padmanaban relied are not related to the same product as is at issue in this case.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE ~ 2

Plaintiff relies on case law that states that evidence of other accidents must meet a substantial similarity standard to the accident at issue if being offered as direct proof of a design defect. *See e.g.*, *White v. Ford Motor Co.*, 312 F.3d 998 (9th Cir. 2002). Defendants respond that Ms. Padmanaban's testimony is admissible because it is being used to show the overall safety record of the Eclipse's airbag system, which the Defendants claim is relevant to the jury's determination of whether the protection afforded by the airbag system in Ms. Morris's car was reasonable, whether it performed as expected, the overall safety record of the Eclipse's airbag system, and whether the risk of harm presented by the accident could have been reduced through alternate designs, all of which they argue are relevant to RCW 7.72.030(1).

Defendants rely on Fed. R. Evid. 702 to assert that Ms. Padmanaban's statistical testimony, in addition to being admissible as relevant evidence, is also admissible as the type of data reasonably relied upon by experts and that her credentials qualify her as an expert. However, Plaintiff has not raised a challenge to Ms. Padmanaban's testimony or report on the basis of the rules governing expert witnesses. Rather, Plaintiff relies on Fed. R. Evid. 401 and 402 and Ninth Circuit law requiring evidence meet the "substantial similarity" standard.

Although Defendants contend that the target vehicle group statistics on which Ms. Padmanaban relied are vehicles that "have substantially similar airbag

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE ~ 3

systems as the 1996 Mitsubishi Eclipse," *see* (Ct. Rec. 168 at 2, note 1), Defendants do not submit any evidence to support that statement. Defendants do submit evidence to support that the target vehicle group statistics involved "frontal accidents involving 1996-1997 model year passenger vehicles with seat belted drivers, with or without airbags, and with accidents involving a Delta V ranging from 0 to 15 miles per hour, and with accidents involving a Delta V ranging from 10 to 15 miles per hour" (Ct. Rec. 168 at 12).

Defendants also argue, without citing to Ninth Circuit or Supreme Court authority, that the admissibility of statistical evidence is not governed by the "substantial similarity" standard. In addition, Defendants contend that although the "substantial similarity" standard is required for evidence that is offered "to show that a product manufacturer had notice of a specific, dangerous condition or defect in its product," Ms. Padmanaban's statistical analysis is being offered "to demonstrate the overall safety record of the Eclipse's airbag system, which will help a jury to assess whether the crash protection afforded by the airbag system was reasonable, whether it performed as expected, and whether the risk of harm presented by the accident could have been reduced through alternative designs" (Ct. Rec. 168 at 3).

The Ninth Circuit holds that "[a] showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE ~ 4

proof of negligence, a design defect, or notice of the defect." *Cooper v. Firestone Tire and Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991); *White v. Ford Motor Co.*, 312 F.3d 998, 1008 (9th Cir. 2002). This Court concludes that Defendants' introduction of evidence to disprove negligence, a design defect, or notice of the defect also would necessitate meeting the substantial similarity standard. However, evidence of dissimilar accidents may be admissible for other purposes, such as impeachment. *Cooper,* 945 F.2d at 1105 (9th Cir. 1991) ("Although the other-accident evidence may have had some prejudicial effect, it was highly probative of the credibility of the assertion of appellants' experts that RH5 degree [a multi-piece truck rim] was generally safe").

Although Defendants contend that Ms. Padnamaban's testimony and statistical evidence will be introduced for purposes other than direct evidence to disprove a design defect or Defendant's lack of notice of a design defect, that distinction will need to be addressed in the context of the trial. Ms. Padmanaban's testimony and report relying on data from other accidents will not be admissible to disprove negligence, a design defect, or Defendant's notice of a defect unless the Defendants are able to lay a sufficient foundation that the other accidents involved the same or similar airbags and meet the "substantial similarity" standard to the accident at issue in this case. However, the Defendants may be able to introduce

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE ~ 5

Ms. Padnamaban's testimony and report for rebuttal depending on the evidence introduced by Plaintiff in her case in chief.

For the foregoing reasons, Plaintiff's motion (**Ct. Rec. 105**) is **GRANTED** in part and **DENIED** in part, consistent with the foregoing discussion, with leave for Plaintiff to renew the motion during trial.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 17th day of December, 2010.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE ~ 6